UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARYANN PUTMAN,

    Plaintiff

  v.

LIBERTY MUTUAL INSURANCE
COMPANY, et al.,

    Defendant.

Case No. 1:08cv552

Judge Michael R. Barrett

## ORDER

This matter is before the Court pursuant to Defendants' motion for judgment on the pleadings (Doc. 11). Plaintiff filed a memorandum in opposition (Doc. 13) to which Defendants replied (Doc. 15). This matter is now ripe for review.

Facts

Plaintiff was hired as a sales representative by Defendant Liberty Mutual Insurance Company in 2003. (Doc. 1, ¶11.) On April 20, 2006, she was diagnosed with Coronary Artery Disease and required angioplasty surgery. (Id., ¶ 12.) During her recovery, restrictions were placed upon her work schedule by her treating cardiologist. She was limited to working three days per week and no more than eight hours in any one day. (Id., ¶13-14.) On August 14, 2006 Plaintiff received a 60 day written warning from Defendant Kindle, that included a threat of probation, for failure to achieve the "'Performance Management Target' according to his adjustments and had failed to maintain the necessary performance level indicated." (Id., ¶15-16.) .

In September, 2006 Plaintiff required a second angiogram. She was unable to work for two weeks and, upon her return, had the same restrictions discussed above. (Id., ¶18-19.) On November 21, 2006 Plaintiff received a second written warning. (Id., ¶20). Then on February 12, 2007, Plaintiff was placed on probation and informed that she may be terminated if she failed to meet weekly minimum production. (Id. ¶21.) Plaintiff met the demands placed upon her. (Id., ¶22.)

Plaintiff alleges that during this period she was not treated in the same manner as her co-workers and that "she was treated in effect to demands for higher production." (Id., ¶23). Plaintiff alleges five causes of action: Age Discrimination pursuant to 29 U.S.C. §623, Age Discrimination pursuant to O.R.C. §4112, Racial Discrimination pursuant to Title VII, Gender Discrimination pursuant to Title VII, and Infliction of Emotional Distress under state law.[1]

Legal Standard and Analysis

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss.[2] *Thomas v. Gee*, 850 F.Supp. 665, 668 (S.D. Ohio 1994), *citing*,

---

[1] In paragraphs 24 and 25, Plaintiff alleges a hostile work environment based upon her race, gender, age and medical disability as well as violations under the Family Medical Leave Act. However, Plaintiff does not allege a cause of action of hostile work environment nor violations of the Family Medical Leave Act. As such, neither will be address here. However, Plaintiff may request leave to amend her complaint if she so desires. Such request must be presented to the Court by March 31, 2009.

[2] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct 1955, 1964-65 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual

*Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir. 1979).  In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.  *Id.*, *citing*, *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973).

A claim of employment discrimination is to be analyzed using the burden-shifting approach in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973) when there is no direct evidence of discrimination.  To establish a prima facie case of discrimination, a plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for her job and performed it satisfactorily; (3) despite her qualifications and performance, she suffered an adverse employment action; and (4) that she was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside her protected class.  *Johnson v. University of Cincinnati*, 215 F.3d 561, 573 (6th Cir. 2000).[3]

Defendant argues that Plaintiff did not allege, and can not allege, that she suffered an adverse employment action.  She was not terminated, not demoted, and did not undergo a cut in pay.  She did, however, receive two written warnings and a period of

---

allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 1964-65 (citations omitted).

[3]The *McDonnell Douglas* burden-shifting framework for circumstantial-evidence cases has been applied in the context of claims brought under the ADEA.  *Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003).  In addition, the Ohio Supreme Court has held that "federal case law interpreting Title VII of the Civil Rights Act of 1964 is generally applicable to cases involving alleged violations of R.C. Chapter 4112."  *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 421 N.E.2d 128, 131 (Ohio 1981). Thus, the *McDonnell Douglas* burden-shifting framework applies to each of the discrimination claims in this matter.

probation. Plaintiff states, in her memorandum in opposition, that she is not claiming that the written warnings or probationary period is adverse (Doc. 13, p5-6), but that Defendant forcing Plaintiff "to work beyond the work restrictions placed by her doctor" is an adverse action and that "the enhanced performance measures placed on [Plaintiff] satisfy the definition of adverse employment as enumerated in *Kocsis v. Multi-Care Mangement, Inc.*", 97 F.3d 876 (6th Cir. 1996). (Doc. 13, p5-6.)

An adverse employment action has been defined as a "materially adverse change in the terms and conditions of [plaintiff's] employment." *Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir.1999). A "mere inconvenience or an alteration of job responsibilities" or a "bruised ego" is not enough to constitute an adverse employment action. *White v. Burlington Northern & Santa Fe R. Co.,* 364 F.3d 789, 797 (6th Cir. 2004). Examples of adverse employment actions include firing, failing to promote, reassignment with significantly different responsibilities, a material loss of benefits, suspensions, and other indices unique to a particular situation. *Smith v. City of Salem, Ohio*, 378 F.3d 566, 575-76 (6th Cir. 2004), *citing*, Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998); *White,* 364 F.3d at 798.

This Court has examined *Kocsis v. Multi-Care Mangement, Inc.*, 97 F.3d 876 (6th Cir. 1996) and can not find anything in that opinion that contradicts the law as set forth above. The *Kocsis* Court did recognize that significantly diminished material job responsibilities might constitute an adverse action but ultimately concluded, based on the facts of that case, that the plaintiff could not show an adverse action. *Id.* In the present case, Plaintiff does not even allege that her job responsibilities were diminished. Nor does she allege that she was terminated or demoted. She only alleges that her performance

goals were higher than her co-workers. However, the Court does not find this to be a material adverse action. Thus, based upon the foregoing, Plaintiff does not allege an adverse employment action. Without such an allegation Plaintiff can not establish a prima facie case of discrimination. Counts 1 through 4 are hereby dismissed.

Defendant also challenges Plaintiff's fifth cause of action, infliction of emotional distress without specifically specifying whether its negligent or intentional. Defendant first argues that negligent infliction of emotion distress is not recognized as a claim in Ohio. Plaintiff does not address this argument. Therefore, based upon Plaintiff's failure to address this argument and the Court's interpretation of the Complaint, the Court finds Plaintiff is not making a claim for negligent infliction. Even if such claim was being made, it would be dismissed as Ohio does not recognize such a claim in the employment context. See *Bruce v. Office Depot, Inc.*, 2005 U.S. Dist. LEXIS 13418, at *8-9 (S.D. Ohio July 5, 2005).

As to Plaintiff's allegation of intentional infliction of emotional distress, the Court finds that Plaintiff's complaint sufficiently sets forth a claim for relief, at least at this stage of the litigation. Although, the Court finds the argument to be weak, Plaintiff does allege that Defendant "completely disregarded the medical restrictions request by her cardiologist by making demands upon her work effort that would exceed the restrictions she was placed under by her physician." (Doc. 1, ¶25.) At this stage, the Court is not inclined to dismissed this cause of action. Forcing an employee with a heart condition to work more than her physician allowed and threatening to terminate her if she did not meet performance goals could, if the facts support such an allegation, be conduct that is extreme and outrageous, outside the bounds of decency. *See Yeager v. Local Union 20*,

6 Ohio St.3d 369 (1983),

Thus, Defendant's motion for judgment on the pleadings is hereby GRANTED, in part, and DENIED, in part. Plaintiff may request leave to amend her complaint by March 31, 2009.

**IT IS SO ORDERED.**

                                             *s/Michael R. Barrett*
                                             Michael R. Barrett, Judge
                                             United States District Court